by him. Our last case of the afternoon is N. Ray the Estate of White versus the Illinois, at all, versus the Illinois Great Rivers Conference of the United Methodist Church. For the appellant, Mr. Karoff. Close? Yes sir. Okay. Close enough? Close enough. All right. Mr. Martinkus, you may proceed. Thank you. Good afternoon and may it please the court. The briefing in this case before you this afternoon is brief. The will itself is even brief. But that does not mean the stakes are not significant. When we're dealing with more than 16 acres of farmland, there are significant dollar amounts involved. And so we are here this afternoon to discuss the question, did Richard White intend to give his brother, Maitland, the right to make a testimony disposition of Richard's interest in these 416 acres of farmland? I believe, my client asserts, that Richard's will tells us no, for the following five reasons. First, the will didn't explicitly say so. A quick glance at this will suggests, or establishes, that this was not a will written by a pro se individual that acted. This was a will professionally prepared by counsel that described all the relevant features of a testimony of a will. It would be easy enough for that will to explicitly say, I want my brother to have the testimony right to dispose, or the testimony right to appoint my interest in this land. It didn't say that. I think that absence is significant. Second, the will did not give to Maitland a fee simple interest. Again, if Richard had wanted Maitland to have a total bundle of sticks, as the law of treasures teaches, he could easily say, I'm giving a fee simple interest to my brother, Maitland, and leave it at that. But he didn't. He gave him only a life estate with the right to dispose of it. He was holding back one of the sticks. What was that stick? It had, indeed, the stick of testimony disposition. It's the only stick of life. Third, he explicitly limited Maitland's right of disposal to disposals during Maitland's lifetime. The language of the will says that I hereby devise my real estate to my brother, Maitland, and his wife, Mary. And I only leave Mary out because Mary is a pre-deceased Maitland citizen. I devise my real estate to my brother, Maitland, and his wife for their lifetime. However, they may have the full right to sell or dispose of such real estate during their lifetime and to use the proceeds for whatever purpose they desire. Again, it was during that lifetime. As we construct wills, the teachings of this court is that we construe all the language and tend to give meaning to all the language. We can't ignore, as I believe the trial court did, that were during their lifetime. Their rights had been exercised during their lifetime. Testimony disposition occurs after a lifetime. It is no more than an intention. A will is an intention to happen. The disposition itself occurs when the executor signs a deed conveying the property of the estate to the devising. That occurs after the lifetime expires. So, there is no, by making it limited to lifetime, the will is telling us that a testimony is not part of it. Fourth, Richards stated the purpose of the lifetime disposal was to generate proceeds for Maitland's lifetime use. Again, the language he chooses is the right to sell or dispose during their lifetime and to use the proceeds for whatever purpose. Well, a testimony disposition gives Maitland no proceeds to use for whatever purpose because it doesn't occur after Maitland's long period. So, again, that seems like it's very contrary to the idea that a testimony is devised by Richard if he wanted the devise to be associated with proceeds that Maitland or his wife would use. Fifth, Richard provided detailed instructions as to how to dispose of a property after Maitland's life estate ended. The Carpenter case cited in our reading, that was an important point to that court. They basically said, why would the testator in this case, Richard, go to all the trouble of creating this after I'm gone devise and after Maitland's gone devise if he did not want to give it some meaning? The court there suggested, and I've suggested here, but that suggests further intent on Richard's part that he wanted to see a testimony devised of this land be in his way of thinking and not Maitland's way of thinking. As I said, these five reasons give meaning to every word in this will. And, again, that is what our standards tell us, that in giving a will, we have to try to give meaning to every part of it. I'm just going to choose words and focus in on those. And that's where I think, respectfully, the circuit court got off track. The court got so concerned about what was meant by the word sale or dispose that the court lost track of the rest of the will. And I think that was where the court went off line. To sum that up, Richard said, I want you to have this for life estate. If you have to sell it or choose to sell it or get rid of it, you can. But if you don't, I have the final say on where it should go. Exactly. That's what I'm trying to say. Well, you said it very well. I just wanted to make sure I was understanding. That is my position. But, counsel, did Malin dispose of the real estate when he made that provision in his will that allowed the appellee to purchase a portion of that land? My position, Your Honor, is he did not. And I say that because the will itself did not speak until Malin's death. It was not something he did during his lifetime. That is something that he hoped would happen after his lifetime ended, but under Richard's language, he had to make that disposition during his lifetime. So my answer to your not question is no, that was not an effective disposal of the land. So what does that sale or dispose mean, picking up on that point? How could the question, is the sale or dispose something different? Well, you did use the word or between sale and dispose, so I don't think there's profit for me to argue that they would be one and the same. They must mean something different. So how do you dispose something short of a sale with a life estate? Well, I suggested in my brief that the lease of their life interest would be a disposal during his lifetime that would generate proceeds coming back to Malin and his wife. Possibly a lifetime exchange, a 1031 exchange. We get the job done as well. It's not specifically a sale. It's more of a trading of property, but it does generate the proceeds of the secondary property coming to Malin's interest. A third of mortgage. Now, mortgages can get tricky because you have a remainderment. Sometimes you have to deal with making a mortgage. But in this case, it really wasn't a remainderment named in the will. It's only if the property is still there at Malin's and mine, it was simply going to be sold. So I think even in this case, a mortgage might have worked as a way of making a lifetime disposal of Malin's interest in the property, which would generate proceeds back to Malin. So I think there are many ways in which that word sell or dispose can be given meaning without trying to jump all the way to a testimony of minus where it certainly did. As I stated earlier, the drafting of a will is no more than an intention to make a disposal. The disposal itself occurs after death, at the time when the executor distributes the property to the estate. I think Malin was attempting to get around with his will and what he could do. He was attempting to exercise the power he lost the moment he died, and therefore his action must not be given. Meaning must be disregarded. If there aren't any more questions, I would pass this over to Amanda Stacey to record the instructions that Richard Weiss continued interest in this land. You used the words, tried to get around. Is there any suggestion that he thought that he was pulling a fast one? No, sir. It's just rather that's what he decided to do with what he thought he had left. That would be my explanation. There's no evidence in this record at all of the person's intent or Malin's actions and reasons why he made those actions. Thank you. Thank you. We'll hear from you on rebuttal. Mr. Martinkus? Good afternoon, judges. Please report. I do agree with counsel that the only real issue in this case is what was Richard Weiss's intent when he did his will. And as the cases of the briefs all support, you make that determination by looking at the words used, the ordinary meaning of the words used. If you cut to the chase in this case and look at Richard's will, it says specifically that he devises all of his real estate to his brother and his brother's wife for their lifetime. So life estate is established. And it also says they shall have the full right to sell or dispose. I think that's significant. I don't think sell or dispose refers to one act. It refers to multiple potential acts. And that's what, in fact, was granted. You can sell or dispose of real estate during your lifetime. That interpretation is even greater when you look at the words used in the fourth paragraph. It says specifically that in the event that both Malin O'White and Mary White shall pre-decease me, or in the event at the time of my death of the survivor of Malin O'White and Mary White, my real estate has not been sold or otherwise disposed of. The word otherwise, certainly in referencing to this sale, means something other than a sale. That's the only reasonable interpretation that could be made. I don't know enough about farm and real estate taxes to know, but could you gift it? I think you could gift it. During life, during your lifetime. Yes. I think a disposition, and again, I think the trial judges, I argue, that referencing what the ordinary meaning of that word or those two words, dispose of, is, you could go up to Black's Law Dictionary. Black's Law Dictionary very clearly says that it can be a disposal by will, a disposition by will. So the very words used, dispose of, if you look for Black's Dictionary, clearly says it's acceptable, it's interpreted to mean a disposition by will. So you have the words otherwise, sold or otherwise disposed of. Well, otherwise disposed here, I think, simply means gift or by will. And the concept that counsel argues that you could never dispose by will during one's lifetime would not make sense because then no disposition by will would ever take effect if you had to somehow do it at the time of death. So to me, that really doesn't make any logical sense. He did a disposition when he elected to convey the property to Mr. Hubbard. That was his disposition. But in fact, I don't know if he was referring to Professor Cribbett, but the bundle of sticks. Well, Your Honor. Does he not give the whole bundle of sticks to start with and then adds a secondary clause that says, well, yeah, I really meant to give you the whole bundle of sticks. That's a great question. And I think the way I look at this here is one of the interpretations is a life estate with two separate cars, a car to sell, a car to dispose. You could also look at this case as a complete conveyance, and with the language and the will that tries to divest the later is meaningless when he has the right to sell and dispose of it during his lifetime. That is the same equivalent. I have two cases on that. Stewart v. Stewart, 186 of I-60, 57 Northeast 85, and a Supreme Court case that said the attempted limitations, just like Richard had done, is void. So, counsel, is it your position that Malin disposed of the property while he was alive when he included in his will the provision that allowed your client to purchase the property? Yes, absolutely correct. That's exactly right, and I think that's consistent. Because otherwise, why would Malin have used the words, or otherwise, disposed? It makes no sense. And with all respect to counsel, I mean, this concept of, oh, you might mortgage it or something, there's an old Illinois Supreme Court Sprague v. Roberts, which is, you can't lend more than your title permits. That case was a situation where a loan was made, but it was interpreted that the language was and did create a life estate, and the lender had no ability to continue to have that as a security. So no loan is going to happen in a situation like we have a life estate. The only language that's to be really looked at here, I believe, is the sale or dispose of. When you look at or dispose of, it's clearly disjunctive, either one. And here, I mean, you have Black's Law Dictionary that says very, very clearly what it says. So I think when you look at the entire words that are used in this particular case, you do have that. Now, again, Judge, you had asked about some of the other concepts here that could be used. One could, I guess, say this was a fee subject to an executory interest. The executory interest would be the remainderment in the will of Richard White. But that feasible event would only take place if he failed. It may have failed to sell it and use the proceeds for whatever he wants to, or disposed of it by gift of will. And I mentioned in my brief, too, I mean, most farmers realize you're not going to make a gift right before you die and then have it up state of basis. You're not going to increase the basis. That makes no sense. So you're going to die and give the person to whom you want this property to be had the stepped-up basis, the basis of that. So, I mean, it seems totally consistent to me that what Richard did and what Malin did is consistent with what Richard's intent was. Richard said, Malin, if you don't do anything, then I want this given to my cherries as maybe an executory interest. You can interpret it as an executory interest, Your Honor. Or you could say the failure to exercise his power to sell or his power to dispose of. And I think that's what you have here. I think that the written opinion by Judge Hall is very good. I think it very clearly states the facts, states his analysis properly, and I think it's right. I don't think this is a case where any other interpretation would make sense. Because if you did that, you would have to give no meaning to many words as set forth in this will. And as this Court knows, you can't do that. You're supposed to give meaning to all the words to the best you can. But, Counsel, you're telling us to focus on the right to sell or dispose, in my view, to the exclusion of some of the other language here. Well, Your Honor, I don't know which language you're referring to. Like life estate. During lifetime. Yeah, the life estate was created. That's what was created. There was a life estate, but then they also gave him power to dispose and power to sell. Why is it a life estate? Well, I mean, Your Honor, you could argue it's a fee, as I mentioned. A fee, simple subject to defeasance with the executory interest and the remainder of an enriched will. But I don't think that's the language that was used. If you're saying that you can dispose of it, if you don't sell it or otherwise dispose of it, then it goes back to Richard's beneficiaries. Should we consider that one's charitable notions were different than the other's charitable notions? Well, I mean, yes. I'm not talking about extraneous evidence. I'm just talking about chooses something different. Well, I think there's no question that, depending upon how you would resolve the case, that you do have different charities involved. But again, that could have been something that Richard wanted to do. He could have very clearly said, and upon their deaths, then it goes to these remainder clearly. And don't give them the power to dispose of it. But here it gave them the power to dispose of it. How about the tenancy of the law to use repetitive language to mean the same thing? Well, a lot of phrases there. Some people would say sell or dispose is sort of the same, whatever you call it. And others would say, no, this is clearly distinct. I think it's distinct because all the cases that counsel used in his brief, the Brock-Allen case, the Burkholder case, those cases involved language of use and dispose. Each of the cases that he referred to, use and dispose, a single act. You sell and dispose. You use and dispose. The disjunctive, in this case, I think it has meaning to it. Why would you put more? Why would you say you can sell it or you can dispose of it? What the black dispose means, by gift, by will, that's a disposition. And I don't know why you would do that. And then why would you use the word or otherwise dispose? Clearly, there's a reference here to some other disposition other than a sale. And if you do it during your lifetime, which he did, he broke the will. He did all those things while he was alive. I think that's a disposition, and I think that's what the trial court found in this case. Any other questions or comments? No. Thank you very much. Thank you. Thank you, Judge. Just a few brief points in response to counsel's argument. First, I remind the court that the case law speaks to courts not being in a position to rewrite the will. I think a lot of what counsel is suggesting to the court is we rewrite the will to more explicitly say what their position is, and that is that they couldn't have testified otherwise. We are left with the words that we have on this piece of paper. That's what we have to try to do. And I think their position is we need to rewrite those words to make it more their way, and I think that's beyond what the court typically wants to do when we're trying to interpret a will. Secondly, the case law court cited in the case, I only point out to the court that while my cases I tried to cite to the court suggest the reluctance of courts to grant testimony rights to third parties in cases of this nature, I found no case that they submitted which said that the courts should try to bend that way and submit such a case, such a rewrite to this language. So I find the absence of their case law significant. And finally, this idea that a will is a disposal. We've already talked about that to some extent. I don't want to belabor the point. But in theory, one could write a will every day of their life. Which will is it? Was it the first will? They wrote a disposal. The second will? Third will? No, not a move of will until after the person dies. A will is an end of probate, and the court admits that will to probate. That all occurs after death. I don't think you get around the rewrite. I think that is the biggest flaw in this court's reasoning in this case. And I respectfully request that you make your second decision. Thank you. Thank you, counsel. We'll take this matter under advisement.